IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| **GREGORY HUDSON SPIVEY,** | |
| Petitioner, | |
| VS. | CIVIL ACTION FILE NO. 1:06-CV-55 (WLS) |
| **STEPHEN ROBERTS,** | |
| Respondent. | |

### RECOMMENDATION OF DISMISSAL

A review of the record in this habeas corpus action conducted on December 2, 2008, revealed that the petitioner has had no contact with the court since May of 2006, and has undertaken no activity with respect to his petition since that time. It was also determined that he was released from custody on or before April 27, 2008. Accordingly, the respondent was ordered on December 2, 2008 to show cause on or before December 23, 2008, why his petition should not be dismissed for his failure to diligently prosecute same as required by Federal Rule of Civil Procedure 41(b). The order to show cause was mailed to petitioner at his last known address but has now been returned to the office of the Clerk of Court marked "Return to Sender – Not in Custody." It therefore appears to the court that, as is often the case, after obtaining his freedom from incarceration petitioner lost interest in pursuing this matter any further. Insofar as this Court is concerned petitioner is "lost" and we do not know where to find him.

Under Rule 41(b) of the Federal Rules of Civil Procedure, a case may be dismissed upon a determination of a "clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). Litigants proceeding *pro se* are not exempted from this requirement of diligent prosecution. Moon v.

Newsom, 863 F.2d 835 (11th Cir. 1989).  The court's inherent power to dismiss cases in which the petitioner has failed to diligently prosecute his action "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." Link v. Wabash R.R., 370 U.S. 626, 630 (1962).

     A review of this action as set out above reveals a clear record of delay or willful contempt on the part of the petitioner.  The petitioner has taken no meaningful steps to prosecute his case since on or about May 17, 2006, when he notified the Court of his address change. The petitioner has had more than adequate time to pursue his claim against this defendant but he has failed to do so. Based on the above findings, the court finds that lesser sanctions will not suffice herein. Accordingly, it is the RECOMMENDATION of the undersigned that the petitioner's case be dismissed for his failure to prosecute same.  Pursuant to 28 U.S.C. § 636(b)(1) the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of being served with a copy of this recommendation.

     SO RECOMMENDED, this 15th day of December 2008.

*/s/ Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE